IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK STEELE,**

    **Plaintiff,**

  v.                                      Civil Action No. 2:09 CV 3
                                                  (Maxwell)

**JOHN R. SHREVE,**
**WEXFORD HEALTH SOURCES,**
**CORRECTIONAL MEDICAL SERVICES,**
**TERESA WAID,**
**JAMES RUBENSTEIN,**

    **Defendants.**

## ORDER

It will be recalled that on January 9, 2009, *pro se* Plaintiff Mark Steele filed a civil rights complaint under 42 U.S.C. § 1983 alleging a claim concerning improper dental treatment.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.01 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. § 1915(e).

On May 29, 2009, Magistrate Judge Seibert issued a Report And Recommendation wherein he recommended that the Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim.

Magistrate Judge Seibert's Report And Recommendation provided the parties with ten (10) days from the date they were served with copies of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Plaintiff's Objection To Magistrate's Report And Recommendation was filed on July 2, 2009. Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)©, this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on July 2, 2009, the Plaintiff filed his Objection To Magistrate's Report And Recommendation. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected. The remaining portions of the Report And Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

The Court finds that the issues raised by the Plaintiff in his Objection To Magistrate's Report And Recommendation were thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation. The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on May 29, 2009, (Docket No. 12), be, and the same is

hereby, **ACCEPTED** in whole and the Court hereby incorporates the findings of fact and conclusions of law made by Magistrate Judge Seibert in said Report And Recommendation. It is further

**ORDERED** that the Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim. It is further

**ORDERED** that, in light of the dismissal of the Plaintiff's Complaint, the Plaintiff's Motion For Amendment Of Complaint Pursuant To Rule 15(a)(A) Of The Federal Rules Of Civil Procedure (Docket No. 16) be, the same is hereby, **DISMISSED as moot**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**ENTER:** December __8__, 2009

/S/ Robert E. Maxwell
United States District Judge